# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON AUTREY, | : | CIVIL NO: 3:12-CV-1289 |
| | : | |
| Petitioner, | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| WARDEN J. THOMAS, et al., | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This habeas corpus petition brought by Vernon Autrey, a District of Columbia prisoner incarcerated at the United States Penitentiary, Lewisburg, calls to mind Einstein's admonition that doing the same thing over and over again and expecting different results is the highest form of folly. In his petition Autrey presents his third collateral attack upon the calculation of the sentence imposed upon him following a brutal gun-wielding attack upon others. For the reasons set forth below, we recommend that this successive, untimely and meritless petition for writ of habeas corpus be denied.

This case arose out of a brutal assault. On July 16, 1998, the District of Columbia Superior Court sentenced the petitioner to a 15-year-to-life term for Assault

with Intent to Kill While Armed, Aggravated Assault While Armed, Possession of a Firearm, and Carrying a Pistol Without a License. (Doc. 10, Declaration of John A. Farrar Ex. 1. ¶ 3; Attach. 1.) Nine years after this sentencing, in 2007, Autrey filed a petition for writ of habeas corpus with this court, arguing that his sentence had been erroneously calculated and he was entitled to release from custody. Autrey v. Williamson, 3:07-CV-0832 (M.D. Pa 2007). This petition was denied by the district court on August 27, 2007. Ten years after Autrey's sentencing, in June of 2008 the District of Columbia modified a D.C. Code provision relating to the duties of the Sentencing Commission in the District of Columbia to provide for recommendation of the calculation of good time credits on D.C. Code violations "pursuant to section 3624 of Title 18, United States Code." D.C. Code § 24-112. Twelve years after Autrey's sentencing, and two years after this D.C. Code provision was amended, in 2010, Autrey filed a second petition for writ of habeas corpus in the United States District Court for the Middle District of Florida, challenging his sentence and good time credit calculation. Autrey v. Warden, FCI Coleman, No. 5:10-CV-33. That petition was dismissed by the district court on May 5, 2010, as an improper second and successive petition. Id.

Two more years then elapsed before Autrey filed the instant petition, his third successive habeas corpus petition addressing the calculation of good time credit for

this D.C. Code sentence, on July 5, 2012. (Doc. 1.) In this petition, Autrey claims that pursuant to the 2008 amendment of §24-112 of the D.C. Code, he should only be required to serve 85% of a 20-year term that was imposed on the petitioner a full decade prior to this change in the law and should be awarded retroactive good conduct time under "the provisions of 18 U.S.C. § 3624(a)(b)." (Id. ¶ 2.) Thus, the apparent legal premise underlying this petition is Autrey's claim that he is entitled to receive this credit retroactively on his sentence which was imposed a decade before this change in the law.

The parties have fully briefed this matter, with the respondents having filed a response in opposition to Autrey's petition, (Doc. 10.), a document which inspired a series of responses from Autrey, responses couched as a motion for response (Doc. 11.), traverse (Doc. 12.), and various motions to dismiss the respondents' response. (Docs. 16 and 21.) Having considered these pleadings, for the reasons set forth below, it is recommended that this petition for writ of habeas corpus be denied.

**II.    Discussion**

**A.    Habeas Relief–The Legal Standard**

In this case, Vernon Autrey, a prisoner serving various sentences imposed by the District of Columbia Superior Court, has filed a petition for a writ of habeas corpus challenging the calculation of his sentence. While Autrey has styled his

petition as one brought under 28 U.S.C. §2241, in fact because he "was convicted by a District of Columbia court, he is considered a state prisoner. See Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C.Cir.2002). Thus, although styled as a § 2241 petition, his petition should [be] treated as one filed pursuant to 28 U.S.C. § 2254." Robinson v. Reilly, 340 F. App'x 772, 773 (3d Cir. 2009).

Treated as a petition filed pursuant to 28 U.S.C. § 2254, this petition is subject to the substantive and procedural standards that govern habeas petitions under §2254. Thus, must satisfy the substantive standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a . . . court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

As this statutory text implies, prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief under §2254. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a . . . court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

4

States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to prisoners in those instances where the conduct of some proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994).

Furthermore, prisoners seeking habeas relief under §2254 must also satisfy specific, and precise, procedural standards. Two of these procedural prerequisites have immediate, particular and apparent relevance in this case.

At the outset, these procedural prerequisites include a requirement that: "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

> Pursuant to this gate-keeping function, AEDPA instructs the courts of appeals to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. See 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two narrow exceptions applies:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

5

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2)(A)-(B)(ii). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition "acts as a jurisdictional bar." United States v. Key, 205 F.3d 773, 774 (5th Cir.2000).

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Furthermore, prisoners seeking relief under Section 2254 must also timely file motions seeking habeas corpus relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 established a one-year statute of limitations on the filing of habeas petitions by prisoners brought pursuant to 28 U.S.C. §2254. In pertinent part, § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections 145 F.3d 616, 617 (3d Cir.1998).

The calculation of this limitations period is governed by a series of well-defined rules. At the outset, these rules are prescribed by statute, specifically 28 U.S.C. § 2244(d). Section 2244(d) tolls two separate and distinct time periods from statute of limitations calculations. First, by statute: "The limitation period shall run from the latest of-(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Thus, the period of time when any direct appeals are actually pending in the state courts is tolled from statute of limitations calculations.

In addition, the statute recognizes a second tolling period, and provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Therefore, the time during which a state post-conviction act petition is pending is also excluded from statute of limitations calculations under AEDPA.

In assessing § 2244(d)'s tolling provisions relating to the time when a case is "pending" state review, it is clear that "the term 'pending' must include the time

7

between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz, 204 F.3d at 424. Thus, the courts have construed this tolling provision in a forgiving fashion, and in a manner which enables petitioners to toll their filing deadlines for the time periods in which they could have sought further direct appellate review of their cases, even if they did not, in fact, elect to seek such review. However, for purposes of tolling the federal habeas statute of limitations, a "properly filed application for State post-conviction or other collateral review" only includes applications which are filed in a timely fashion under state law. Therefore, if the petitioner is delinquent in seeking state collateral review of his conviction, that tardy state pleading will not be considered a "properly filed application for State post-conviction or other collateral review" and will not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 412-14 (2005); Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004).

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; Miller, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling. Id. at 618-19. Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. As the United States Court of Appeals for the Third

Circuit has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted). Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling:
>
> (1) if the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.
>
> Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Applying this exacting standard, courts have held that: "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling. See Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597 (9th

9

Cir.1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling)." Id. Courts have also repeatedly rejected claims by *pro se* litigants that the burdens of proceeding *pro se* should somehow exempt them from strict compliance with the statute of limitations. See, e.g., Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001);United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Thus, while tardy habeas petitioners often invite courts to find extraordinary circumstances warranting equitable tolling, those invitations are rarely embraced by the courts. See, e.g., Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003)(denying equitable tolling request); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002)(same).

### B. Autrey's Habeas Corpus Petition Should be Dismissed

Judged against these yardsticks, Autrey's habeas corpus petition fails for at least three reasons. First, this petition is undeniably a second or successive petition. Indeed, it is clear that this is at least the *third* petition Autrey has filed in federal court challenging the calculation of his D.C. Assault with Intent to Kill While Armed, Aggravated Assault While Armed, Possession of a Firearm, and Carrying a Pistol Without a License convictions. Since this petition is undeniably a second or successive petition, it is clear that Autrey's pathway to relief does not lie in the first instance with this court. Rather,"[t]he Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), places the federal courts of appeals in the role of 'gate-keeper,' charging them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction [or sentence].' Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir.2009)." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011). Therefore, Autrey is not free to simply re-state this claim in a third petition filed with the district court. Instead, he must follow the course prescribed by law, he must first present that claim to the court of appeals and must show that: "one of two narrow exceptions applies: (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011). Since Autrey has not followed this course mandated by law, this petition must be dismissed since: "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a

11

jurisdictional bar.' United States v. Key, 205 F.3d 773, 774 (5th Cir.2000)."

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Furthermore, Autrey's claims clearly run afoul of the one year statute of limitations which applies to these petitions. 28 U.S.C. § 2244(d). In this regard, the chronology of Autrey's litigation condemns this petition as time-barred. That chronology reveals that ten years after Autrey's sentencing, in June of 2008 the District of Columbia modified a D.C. Code provision relating to the duties of the sentencing Commission in the District of Columbia to provide for recommendation of the calculation of good time credits on D.C. Code violations "pursuant to section 3624 of Title 18, United States Code." D.C. Code § 24-112.

Twelve years after Autrey's sentencing, and two years after this D.C. Code provision was amended, in 2010, Autrey filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida, challenging his sentence calculation. Autrey v. Warden, FCI Coleman, No. 5:10-CV-33. That petition was dismissed by the district court on May 5, 2010, as an improper second and successive petition. Id. Autrey then took no steps to further litigate this claim for another two years, until he filed the instant petition, his third successive habeas corpus petition addressing the calculation of this D.C. Code sentence, on July 5, 2012. (Doc. 1.) In this petition Autrey claims that pursuant to the 2008 amendment

of §24-112 of the D.C. Code, he should only be required to serve 85% of a 20-year term that was imposed a full decade prior to this change in the law and should be awarded good conduct time under "the provisions of 18 U.S.C. § 3624(a)(b)." (Id. ¶ 2.) Thus, on the face of the petition, this claim is made by Autrey fours years after this statutory change, and two years after Autrey clearly had notice of this change in the law, as evidenced by his 2010 federal habeas corpus petition which attempted to litigate an identical claim in the Middle District of Florida.

Autrey has identified no form of statutory tolling which can save this four-year-old claim in his petition. Furthermore, Autrey cannot establish the type of exceptional circumstances and reasonable diligence which would justify equitable tolling of the limitations period in this case. Quite the contrary, it appears that Autrey has recognized this claim since at least 2010 but simply did not pursue it further for two years after his second habeas petition was dismissed in 2010. On these facts, Autrey has not shown reasonable diligence; rather, he has exercised inexplicable indolence. Since this one-year limitations period established by law "shall run from the latest of- * * * (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," the years of delay by demonstrated Autrey in pursuing this particular claim now defines this claim as time-barred under §2244(d)(1).

Finally, Autrey's claim fails because the legal premise underlying the claim–Autrey's assertion that he is entitled to receive this good time credit retroactively to his sentence which was imposed a decade before this change in the law–is simply incorrect. When considering Autrey's invitation to apply this 2008 amendment to the D.C. Code in a way which allows the petitioner to retroactively accrue good time credit for a sentence imposed ten years prior to this enactment, we must begin by acknowledging the following three principles:

> 1. There is a strong presumption against applying a statute in a manner that would attach "new legal consequences" to events completed before the statute's enactment, i.e., a manner that would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties." Landgraf, 511 U.S. at 280, 114 S.Ct. 1483.
>
> 2. If Congress has focused on the issue, "has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness," and has provided unambiguous evidence of its conclusion by directing that retroactive effect be given, then, *and only then,* will the presumption be overridden.
>
> 3. Consistent with these principles, normal rules of statutory construction "may apply to remove ... the possibility of retroactivity." Nothing short of an unambiguous directive, however, will justify giving a statute a retroactive effect.
>
> In re Minarik, 166 F.3d 591, 597-98 (3d Cir. 1999).

In this case, Autrey cites to no such unambiguous directive instructing us to order a retroactive application of D.C. Code § 24-112, and we cannot independently

14

discern any such unambiguous evidence directing that retroactive effect be given to this statute. Therefore, we are compelled to follow the strong presumption that exists in the law disfavoring retroactive application of statutes to cases which were resolved a decade earlier, under a substantially different statutory scheme. Adopting this presumption, Autrey simply is not entitled to what he seeks– retroactive relief under D.C. Code § 24-112. Viewed in this light, Autrey's claim fail on its merits. Since Autrey's petition is both procedurally barred and substantively without merit, this petition should be denied.

### III.     **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, IT IS RECOMMENDED that the Petition be DENIED. IT IS FURTHER RECOMMENDED that Autrey's motion for response (Doc. 11.), and various motions to dismiss the respondents' response, (Docs. 16 and 21.) should also be DENIED, and a certificate of appealability should not issue.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is

15

made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of March 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge