```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

VERNON AUTREY,                          :
                                        :CIVIL ACTION NO. 3:12-CV-1289
        Petitioner,                     :
                                        :(JUDGE CONABOY)
        v.                              :(Magistrate Judge Carlson)
                                        :
WARDEN J. THOMAS, et al.,               :
                                        :
        Respondents.                    :
                                        :

---

## **MEMORANDUM**

Here we consider Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 27) concerning Vernon Autrey's habeas corpus action (Doc. 1) filed on July 5, 2012. Magistrate Judge Carlson recommends the Petition (Doc. 1) and pending motions (Docs. 11, 16, 21) be denied. (Doc. 27 at 15.) For the reasons discussed below, we concur with the recommendation that Petitioner's pending motions be denied. We also concur with the recommendation that the Petition be denied and a certificate of appealability should not issue, but we do so partially on other grounds.

## **I. Background**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 requesting that the Court direct the Bureau of Prisons ("BOP") to change his sentence calculation, applying District of Columbia Code 24-112 with the effect that his release date would be after he served "85 percent of the 20 [year] minimum term that will be 17 years with 138 days of jail credit." (Doc. 1 at 9.) The case was originally referred to Magistrate Judge Malachy E. Mannion. By

verbal order of January 22, 2013, the case was referred to Magistrate Judge Martin C. Carlson.

The sentence at issue arises from a 1998 conviction in the District of Columbia for Assault with Intent to Kill While Armed, Aggravated Assault While Armed, Possession of a Firearm, and Carrying a Pistol Without a License. (Doc. 27 at 1-2; Doc. 10-1 at 6.) The July 16, 1998, Superior Court of the District of Columbia Judgment and Commitment/Probation Order indicates that Petitioner received the following sentence: fifteen years to life for Assault with Intent to Kill While Armed; fifteen years to life for Aggravated Assault While Armed; five to fifteen years for Possession of a Firearm During a Crime of Violence; and twenty months to five years for Carrying a Pistol Without a License. (Doc. 10-1 at 6.) The Order states that the first and second sentences are to run concurrent with one another and consecutive to any other sentence, and the second and third sentences are to run concurrent with one another and consecutive to any other sentence. (*Id.*) The Order further states that a mandatory minimum term of five years each applies to the first three sentences. (*Id.*)

Following Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 10) on December 15, 2012, Petitioner filed a "Motion to response for this court to clarify said judgment commitment order dated July 16, 1998." (Doc. 11.) In this filing, Petitioner asserts that the government has conceded that his minimum term is

fifteen (15) years and that the twenty-year minium term must be corrected. (*Id.*)

On December 6, 2012, Petitioner filed another document in which Petitioner moves the court to "dismiss said writ of habeas corpus action Civil Action 3:CV-12-1289 [a]nd amend this action." (Doc. 16 at 1.) Petitioner states that he concedes the facts stated in the government's response to his petition and now requests that the

> Court have parole commissioner to see petitioner by and anytime after Feb. 1, 2013, due to petitioner was sentence to a parolable life sentence under PS 588.33 16.10 24-203(A) states that a parolable life sentence should not exceed fifteen years so the petitioner is requesting this court to compel the BOP to correct petitioner parole eligibility from Feb. 27, 2017, to Feb. 1, 2013.

(Doc. 16 at 1.) Petitioner relies solely on the Declaration of John Farrar, a BOP Correctional Programs Specialist at the Designation and Sentence Computation Center, originally submitted by Respondents as an attachment to their responsive brief (*see* Doc. 10-1 at 3-4) and again submitted by Petitioner with this filing (Doc. 16 at 4-5).

By Order of December 7, 2012, Magistrate Judge Mannion noted that Documents 15 and 16 (as well as other past documents) had not been served upon counsel for Respondents and ordered Petitioner to file a certificate of service pursuant to Local Rule 4.2 indicating that Documents 15 and 16 had been served. (Doc. 17.) Petitioner

3

was to file the certificate of service documents by December 17, 2012. (*Id.*) Petitioner filed "Affidavit/proof of service" for Documents 15 and 16 dated December 17, 2012. (Doc. 19 at 2, 3.) However, the cover page of the filing requests the Clerk of Court to attach the proofs of service to Documents 15 and 16 and serve them on counsel for Respondents. (Doc. 19 at 1.) The docket does not show that any further action was taken either by the Clerk of Court or Petitioner regarding these documents nor did Respondents file any document related to them.[1]

Magistrate Judge Carlson's Report and Recommendation primarily addresses Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) filed on July 5, 2012. Magistrate Judge Carlson first concludes that, as a person convicted by a District of Columbia Court, Petitioner is considered a state prisoner and his action should be treated as a petition filed pursuant to 28 U.S.C. § 2254. (Doc. 27 at 4.) The Magistrate Judge further concludes the action fails for three reasons: 1) Petitioner may not seek relief in this Court because this is a prohibited second or successive petition (Doc. 27 at 11); 2) Petitioner's claims run afoul of the one year statute of limitations applicable to 28 U.S.C. § 2254 petitions pursuant to 28 U.S.C. § 2244(d) and Petitioner has not identified any form of applicable statutory

---

[1] Respondents' counsel would have been aware of the documents based on their presence in the ECF system.

4

tolling (Doc. 27 at 12-13); and 3) Petitioner's claim fails on the merits because the relied upon provision, D.C. Code § 24-112, does not apply retroactively (Doc. 27 at 14-15). Magistrate Judge Carlson further recommends that Petitioner's pending motions (Docs. 11, 16, 21) should be denied after characterizing the first as a motion for response, and the latter two as motions to dismiss Respondents' response. (Doc. 27 at 3, 15.)

Petitioner filed numerous documents following the filing of the Report and Recommendation. (*See* Docs. 28-33, 35-39.) Although this procedural approach is neither allowed by rule nor approved by the Court, we have reviewed each filing. Taken together, Petitioner appears to concede that D.C. Code § 24-112 does not apply to his case but asserts his sentence is nonetheless miscalculated because his minimum sentence is fifteen rather than twenty years. Petitioner refers to Document 16 as the Document wherein he makes the concession regarding § 24-112. (Doc. 29 at 1.) Though Petitioner's objections to the Report and Recommendation are rambling, difficult to decipher, and at times contradictory, we distill three main objections: 1) the Magistrate Judge wrongly decided Petitioner's case based on the D.C. Code § 24-112 issue which Petitioner had previously conceded; 2) the Magistrate Judge failed to recognize his argument that his minimum term is fifteen years rather than twenty (which would result in a minimum term expiration date of February 2013); 3) Petitioner's

5

current habeas action is not a second or successive petition or otherwise procedurally barred; and 4) the filing of this petition is allowed by Order of this Court.

Respondents filed a Brief in Opposition to Petitioner's Objections to the Report and Recommendation (Doc. 34) on April 8, 2013. They generally maintain that Petitioner's objections have no merit and the Magistrate Judge correctly analyzed his claims. (Doc. 34 at 2-4.) Respondents do not directly address Petitioner's assertions regarding a fifteen rather than twenty year minimum.

Though Petitioner filed many documents after Respondents filed a response to his objections (Doc. 34), no document is identified as a reply to Respondents filing. (*See* Docs. 35-39.) Pursuant to applicable rules, the time for filing a reply brief has elapsed.

## **II. Discussion**

When a petitioner files objections to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made. *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987). Therefore, we review the issues raised in a petitioner's objections *de novo*. Concerning matters to which a petitioner has not objected, we review the record for "clear error" prior to accepting the magistrate judge's recommendation. *See Thomas v. Arn*, 474 U.S. 150-53 (1985); *Cruz v.*

*Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

After a thorough review of the record, we conclude Petitioner is not entitled to habeas relief.

As noted above, we construe the filed documents to object to the Magistrate Judge's deciding Petitioner's case based on the D.C. Code § 24-112 issue Petitioner had previously conceded, the Magistrate Judge's failure to recognize his argument that his minimum term is fifteen years rather than twenty, and the Magistrate Judge's finding that this is a second or successive petition. Petitioner is correct that Magistrate Judge Carlson decided his Petition based on the issue raised in Petitioner's initial filing (Doc. 1). However, the Magistrate Judge's failure to address Petitioner's fifteen year minimum term claim does not entitle Plaintiff to relief.

Petitioner did not raise his current minimum term claim in his Petition. He cannot do so for the first time in his objections as this is not a proper way to amend a pleading. *See George v. Boise Cascade Corp.*, Civ. Action No. 1:08-CV-2113, 2009 WL 3335907, at *2 (M.D. Pa. Oct. 14, 2009) (citing *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1998)). Therefore, in order for Petitioner's fifteen year minimum term argument to be considered, it must be presented in an amended petition. A petition for a writ of habeas corpus "may be amended

7

as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.

Here Document 16 could be construed as a request by Petitioner to amend his petition, replacing his D.C. Code § 24-112 claim with his claim regarding a fifteen year minimum sentence. (Doc. 16 at 1.) Although the document was not treated as such, if we were to do so now, his claim would fail because leave to amend would be denied.

Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part that a party may amend a pleading as a matter of course in some instances and otherwise may amend only with consent of the other party or the court's leave. Fed. R. Civ. P. 15(a). Amendment of a pleading as a matter of course is allowed within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Here Petitioner filed his request to "amend this action" (Doc. 16 at 1) on December 6, 2012--more than 21 days after Respondents filed their Response to Petition for Writ of Habeas Corpus (Doc. 10) on October 15, 2012. Therefore, in order to amend his Petition, leave of court was required, leave which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Supreme Court identified a number of factors to be considered in deciding a motion to dismiss under Rule 15(a)(2) in *Foman v. Davis*, 371 U.S. 178 (1962).

> If the underlying facts or circumstances
> relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an
> opportunity to test his claim on the merits.
> In the absence of any apparent or declared
> reason-such as undue delay, bad faith or
> dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by
> amendments previously allowed, undue
> prejudice to the opposing party by virtue of
> the allowance of the amendment, futility of
> the amendment, etc.--the leave sought should,
> as the rules require, be freely given.

*Id.* at 182.

Respondents have understandably not addressed the issue of amendment as it is somewhat buried in Petitioner's flurry of filings and it appears from our review of the docket that Document 16 was not served on Repondents in the manner prescribed by Magistrate Judge Mannion's Order of December 7, 2012 (Doc. 17).[2] Thus, we will not consider delay, bad faith, dilatory motive or prejudice to the opposing party as potential bases to deny amendment. However, we conclude that futility of the amendment provides a basis for the Court to deny Petitioner's request.

Futility is governed by the same standard of legal sufficiency that applies under Rule 12(b)(6). *See*, *e.g.*, *Oran v. Stafford*, 226

---

[2] Petitioner's confusion as to Magistrate Judge Mannion's directive is evidenced by his correspondence addressed to the Clerk of Court wherein he attaches what he calls "proof of service and certificate of service" and requests the Clerk of Court to attach them to the motion and letter (Docs. 15, 16) and further requests that the "court please serve on the respondent this said motion and letter." (Doc. 19 at 1.) The Court did not further address this matter.

F.3d 275, 291 (3d Cir. 2000). "[I]t essentially means that a 'complaint, as amended, would fail to state a claim' for relief." *Dombroski v. J.P. Morgan Chase Bank, N.A.*, No.12-1419, 2013 WL 4102030, at *2 (3d Cir. Feb. 4, 2013) (not precedential) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011)).

First, Amendment would be futile because Petitioner has not provided evidence that the sentence imposed on July 16, 1998, has been improperly calculated. As set out above, the July 16, 1998, Judgment and Commitment/Probation Order indicates that Petitioner received the following sentence: fifteen years to life for Assault with Intent to Kill While Armed; fifteen years to life for Aggravated Assault While Armed; five to fifteen years for Possession of a Firearm During a Crime of Violence; and twenty months to five years for Carrying a Pistol Without a License. (Doc. 10-1 at 6.) The Order states that the first and second sentences are to run concurrent with one another and consecutive to any other sentence, and the second and third sentences are to run concurrent with one another and consecutive to any other sentence. (*Id.*) The sentence clearly calls for an overall minimum of twenty years--to the minimum of fifteen years derived from considering the first two counts running concurrently *must be added* a minimum of five years derived from considering the second two counts which run concurrently with one another but *consecutively* to the fifteen years imposed on the first two counts. There is no way around it,

10

fifteen plus five equals twenty.

Petitioner's reference to this Court's August 27, 2007, Memorandum and Order in case number 3:07-CV-832 in support of his argument (Doc. 28 at 1) is misplaced. The Court did not find "that 15 years is the correct minimum term in this matter" (Doc. 15 at 1), but simply repeated the information contained in the District of Columbia Judgment and Commitment/Probation Order. *Autrey v. Williamson*, No. 3:07-CV-832, Doc. 18 at 10 (M.D. Pa. filed Aug. 27, 2007). In the 2007 case, this Court found no evidence that Petitioner's sentence set out in the cited Order had been reduced or commuted, and, therefore the Court denied the 28 U.S.C. § 2241 Petition. *Id.* at 12.

Thus, Petitioner's argument that his minimum sentence is fifteen rather than twenty years could only succeed if he could show the sentence imposed on July 16, 1998, has been reduced since the Court's prior decision. Petitioner has not done so and, on the record before us, he cannot. Petitioner relies upon exhibits submitted with Respondents' response to his petition (Doc. 10-1), specifically the Declaration of John Farrar (Doc. 10-1 at 3-4). (*See*, *e.g.*, Doc. 16 at 2.) In his Declaration, Mr. Farrar, a BOP Correctional Programs Specialist at the Designation and Sentence Computation Center, states that "[o]n July 16, 1998, the District of Columbia Superior Court sentenced the petitioner to a 15-year to Life term for assault with Intent to Kill While Armed, Aggravated

11

Assault While Armed, Possession of a Firearm, and Carrying a Pistol Without a License." (Declaration of John A. Farrar ("Declaration") ¶ 3 (citing Attachment 1), Doc. 10-1 at 3.) "Attachment 1" is the District of Columbia Judgment and Commitment/Probation Order dated July 16, 1998, considered previously. (Doc. 10-1 at 6.) As detailed above, analysis of this Order shows that Petitioner's *total* minimum sentence is twenty years.

Mr. Farrar's statement on which Plaintiff relies is not an accurate reflection of the *total* sentence imposed. It cannot be construed as a statement (and proof) that Petitioner's overall minimum sentence is fifteen years rather than the twenty years derived from interpreting the plain wording of the sentence set out in the document which forms the basis for the statement. (Declaration ¶ 3 (citing Attachment 1), Doc. 10-1 at 3.) Any potential ambiguity which could be attributed to Mr. Farrar's notation of a "15-year to Life term" is not only undermined by a plain reading of the relied upon document, the D.C. Order, but also by the fact that he made the Declaration in response to Petitioner's habeas petition, a petition in which the overall minimum term was not at issue.[3] Mr. Farrar's Declaration also

---

[3] Mr. Farrar framed the specific issue before him as whether "the Bureau has incorrectly computed is [sic] District of Columbia sentence using the wrong statute. He claims he should be required to serve 85% of a 20-year term and be awarded good conduct time under 'the provisions of 18 U.S.C. § 3624(a(b)' [sic]." (Declaration ¶ 2, Doc. 10-1 at 3.)

12

references the Sentence Monitoring Computation Data as of 09-27-2012 ("Computation") in which Petitioner's "minimum term" is twenty years. (Declaration ¶¶ 4,5, Doc. 10-1 at 34; Computation p.1, Doc. 10-1 at 8.) No other document supports Petitioner's conclusion that his minimum sentence is fifteen years.

Second, allowing leave to amend would be futile because it would be barred as a second or successive petition. The propriety of the calculation of the July 16, 1998, sentence was the subject of Petitioner's 2007 28 U.S.C. § 2241 habeas action, 3:07-CV-832.[4] Whether an action is considered under § 2241 or § 2254, an action raising the same claim is barred by 28 U.S.C. § 2244. Petitioner's claim in Civil Action 3:07-CV-832 was that the BOP misinterpreted

---

[4] Where a District of Columbia offender is incarcerated in a federal facility and his petition does not raise a challenge to his underlying conviction or sentence, a challenge to the execution of the sentence has been found to be properly construed as a 28 U.S.C. § 2241 petition. *Warren v. Bledsoe*, 349 F. App'x 687, 689 (3d Cir. 2009) (not precedential)(citing *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009)). *Warren* noted that, in this scenario, the petitioner does not require a certificate of appealability to appeal. 349 F. App'x at 689 n.2 (citing *Burkey*, 556 F.3d at 146). However, the Third Circuit Court of Appeals has also found that claims dealing with the execution of a sentence involving parole and good time credits raised by District of Columbia offenders incarcerated in federal facilities are to be raised in a 28 U.S.C. § 2254 petition. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *DeVaughn v. Dodrill*, 145 Fed. Appx. 392, 394 (3d Cir. 2005); *see also Graves v. Holt*, 303 F. App'x 121, 123 (3d Cir. 2008) (not precedential) (citing *Coady*, 251 F.3d at 486, for proposition that "state prisoner in custody pursuant to judgment of state court must rely on 28 U.S.C. § 2254 to bring claims challenging execution of sentence" and 28 U.S.C. § 2254(c)(1)(A) for proposition that "certificate of appealability required to proceed with appeal where continued detention resulted initially from state court judgment").

and miscalculated the sentence imposed pursuant to the District of Columbia Judgment and Commitment/Probation Order dated July 16, 1998. *Autrey*, No. 3:07-CV-832, Doc. 18 (M.D. Pa. filed Aug. 27, 2007). Fully considering the merits of Petitioner's claim, the Court determined he was not entitled to habeas relief. *Id.* Petitioner now makes the same claim. Although Petitioner currently attempts to rely on Mr. Farrar's Declaration, as discussed above, the reliance is misplaced. Therefore, Petitioner's proposed amendment to his Petition would be barred as a second or successive petition and allowing leave to amend would be futile.

Petitioner's reliance on the Court's allowance of the filing of this action to support the proposition that this is not a second or successive petition and the action is timely filed is misplaced. (Doc. 33 at 3; Doc. 39.) Having been prohibited from filing further documents with this Court without express permission of the Court in Civil Action 3:07-CV-832, following receipt of a request by Petitioner to file another 28 U.S.C. § 2241 petition, the Court's Order dated June 13, 2012, granted Petitioner's request because he asserted a basis for relief not available when the Court denied his petition on August 27, 2007. (*See* Doc. 42.) The Court made no further determination on the procedural propriety or substantive merit of any subsequently filed action. (*Id.*)

Finally, to the extent Petitioner may seek to revive his D.C.

14

Code claim, we note that this claim would fail.[5] Magistrate Judge Carlson properly finds the D.C. Code claim fails on the merits because there is no basis upon which to conclude this statute is to be applied retroactively. (Doc. 27 at 14-15.) Further, considered as a 28 U.S.C. § 2254 claim, Magistrate Judge Carlson properly concluded that it runs afoul of 28 U.S.C. § 2244(d)'s one year statute of limitations and there is no basis upon which to find that tolling of the limitations period would be appropriate.[6] (Doc. 27 at 12-13.)

### **III. Conclusion**

For the reasons set out above, Magistrate Judge Carlson's Report and Recommendation is adopted in part. Petitioner's habeas petition is properly denied. Petitioner's pending motions (Docs. 11, 16, and 21) are also denied. An appropriate Order is filed

---

[5] Although in Document 29 filed on March 29, 2013, Petitioner again asserts that he concedes to the fact that D.C. Code 24-112 does not apply to his sentence (*id.* at 1), in correspondence to the Court dated April 6, 2013, Petitioner states "Magistrate Judge Carlson conceded the fact that DC Code 24-112 do [sic] apply to me." (Doc. 35 at 2.) As set out in the text, Magistrate Judge Carlson did not make this conclusion.

[6] Petitioner's assertion to the contrary set out in his April 6, 2013, correspondence is unavailing. (Doc. 35 at 2.) His claims of improper handling of his 28 U.S.C. § 2241 habeas action filed in the United States District Court for the Middle District of Florida Ocala Division (*id.*) do not change the underlying fact that Petitioner filed the Florida case more than one year after the D.C. Code provision at issue was modified.

15

contemporaneously with this action.

                                      <u>S/Richard P. Conaboy</u>
                                      RICHARD P. CONABOY
                                      United States District Judge

DATED: April 24, 2013